# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ELIZABETH ROSEBOOM AND CLIFFORD ROSEBOOM, husband and wife, and AMELIA ROSEBOOM, | : : : : | CA. NO.: 1:20-cv-00399-LPS |
| Plaintiffs, | : | |
| vs. | : : | |
| JAMES HUNLEY, AND UNITED STATES OF AMERICA d/b/a UNITED STATES POST OFFICE, | : : : | JURY TRIAL DEMANDED |
| Defendants. | : : | |

## AMENDED COMPLAINT

Plaintiffs, Elizabeth Roseboom, ~~and~~ Clifford Roseboom and <u>Amelia Roseboom</u>, by and through their attorneys, by way of Complaint against Defendants, James Hunley and United States of America, d/b/a United States Post Office alleges and says:

## Jurisdiction and Venue

1. This action is brought pursuant to the provisions of the Federal Tort Claims Act, 28 U.S.C. § 2671 et seq., 28 U.S.C. § 1346(b) and 28 U.S.C. § 2401(b).

2. On February 25, 2019, Plaintiffs provided the defendant, United States of America, d/b/a United States Postal Service ("USPS"), of a formal notification of their claims via Form SF-95. <u>See</u> February 25, 2019 letter, a true and correct copy of which is attached hereto and marked as Exhibit "A".

3. USPS did not respond to Plaintiffs' SF-95.

4. In accordance with 28 U.S.C. § 2401 (b) and 39 C.F.R 912.9(a), plaintiffs are permitted to bring this action in the United States District Court.

5. Venue is proper in this Honorable Court pursuant to 28 U.S.C.S. §1402(b) as the plaintiff resides in this District, and the acts or omissions complained of occurred in this District.

**Parties**

6. Plaintiffs, Elizabeth Roseboom and Clifford Roseboom, husband and wife, <u>and Amelia Roseboom</u>, are citizens and resident of the State of Delaware, residing therein at 443 Buck Jersey Road, Bear, DE 19701.

7. Defendant, James Hunley, is a citizen of the State of Delaware, residing therein at 410 North Ramunno Drive, Middletown, DE 19709.

8. Defendant, USPS, a government agency, licensed to do business in the State of Delaware, with a local office in this District located at 147 Quigley BLVD, New Castle, DE 19701.

## Statement of Claim

9. On or about August 27, 2018, at approximately 11:21 a.m., plaintiff Elizabeth Roseboom, was operating her vehicle on Salem Church Road, in Newark, Delaware. <u>Plaintiff Amelia Roseboom was traveling as a passenger in Elizabeth Roseboom's vehicle.</u> Suddenly and without warning, Plaintiff<u>s</u> ~~was~~ were rear-ended by a USPS vehicle driven by Defendant James Hunley, an employee of USPS.

10. At all times relevant, USPS owned the vehicle operated by Defendant Hunley.

11. At all times relevant, Defendant Hunley was operating the USPS vehicle within the course and scope of his employment with USPS.

12. At all times relevant, USPS was acting by and through its respective agents, servants, and/or employee, Defendant Hunley, in the operation of the vehicle that struck Plaintiff.

13. At the time and date aforesaid, plaintiff<u>s</u> Elizabeth Roseboom, and <u>Amelia Roseboom</u> suffered serious and permanent injury because of the carelessness, recklessness and negligence of the defendants, James Hunley and USPS, as stated more specifically herein.

## COUNT I

14. Paragraphs one through thirteen are incorporated in full by reference herein.

15. At all times relevant, Defendant Hunley was an employee, servant or agent of Defendant USPS.

16. Under the doctrine of respondeat superior, Defendant USPS is jointly and severally responsible for the negligence of its employees, including the negligence of Defendant Hunley who was operating a vehicle registered to Defendant USPS.

17. As a direct and proximate result of the aforesaid conduct of the Defendant USPS's employee, Plaintiff Elizabeth Roseboom sustained injuries including but not limited to her neck, back, right arm and other areas, some or all of which may be permanent, pain and suffering, mental distress, medical expenses, and other damages.

18. As a further and proximate result of aforesaid collision, Plaintiff has incurred and will continue to incur in the future, medical and other expenses and lost wages related to treatment for her injures.

19. As a further result of the aforesaid conduct of the Defendant USPS's employee, Plaintiff Clifford Roseboom, husband of Plaintiff Elizabeth Rosebook has suffered the loss of his wife's consortium in the past and ongoing.

## **COUNT II**

20. Paragraphs one through twenty are incorporated in full by reference herein.

21. The aforesaid motor vehicle accident was proximately caused by the negligence of the Defendant Hunley in he:

(a) drove his vehicle more closely to the plaintiff's vehicle than was reasonable and prudent;

(b) failed to maintain a proper lookout while operating his motor vehicle;

(c) failed to maintain proper control over the vehicle that he was operating;

(d) operated his vehicle in a careless or inattentive manner;

(e) operated his motor vehicle at a speed greater than was reasonable and prudent;

(g) was otherwise negligent as the discovery process will reveal.

22. As a direct and proximate result of the aforesaid conduct of the Defendant Hunley, Plaintiff Elizabeth Roseboom sustained injuries including but not limited to her neck, back, right arm, and other areas, some or all of which may be permanent, along with pain and suffering, mental distress, medical expenses, and other damages.

23. As a further and proximate result of aforesaid collision, Plaintiff has incurred and will continue to incur in the future, medical and other expenses and lost wages related to treatment for her injures.

24. As a further result of the aforesaid conduct of the Defendant Hunley, Plaintiff Clifford Roseboom, husband of Plaintiff Elizabeth Roseboom has suffered the loss of his wife's consortium in the past and ongoing.

## COUNT III

25. Paragraphs one through twenty four are incorporated in full by reference herein.

26. At all times relevant, Defendant Hunley was an employee, servant or agent of Defendant USPS.

27. Under the doctrine of respondeat superior, Defendant USPS is jointly and severally responsible for the negligence of its employees, including

the negligence of Defendant Hunley who was operating a vehicle registered to Defendant USPS.

28.  As a direct and proximate result of the aforesaid conduct of the Defendant USPS's employee, Plaintiff Amelia Roseboom sustained injuries including but not limited to her neck, back, and right knee and other areas, some or all of which may be permanent, pain and suffering, mental distress, medical expenses, and other damages.

29.  As a further and proximate result of aforesaid collision, Plaintiff has incurred and will continue to incur in the future, medical and other expenses and lost wages related to treatment for her injures.

## COUNT IV

30.  Paragraphs one through twenty nine are incorporated in full by reference herein.

31.  The aforesaid motor vehicle accident was proximately caused by the negligence of the Defendant Hunley in he:

(a)  drove his vehicle more closely to the plaintiff's vehicle than was reasonable and prudent;

(b)  failed to maintain a proper lookout while operating his motor vehicle;

(c) failed to maintain proper control over the vehicle that he was operating;

(d) operated his vehicle in a careless or inattentive manner;

(e) operated his motor vehicle at a speed greater than was reasonable and prudent;

(g) was otherwise negligent as the discovery process will reveal.

32. As a direct and proximate result of the aforesaid conduct of the Defendant Hunley, Plaintiff Amelia Roseboom sustained injuries including but not limited to her neck, back, right knee, and other areas, some or all of which may be permanent, along with pain and suffering, mental distress, medical expenses, and other damages.

33. As a further and proximate result of aforesaid collision, Plaintiff has incurred and will continue to incur in the future, medical and other expenses and lost wages related to treatment for her injures.

WHEREFORE, Plaintiff demand judgment against the Defendants, jointly and severally, for general and special damages in excess of PIP, and other damages, including but not limited to other special damages, in an amount to be determined by a jury, plus costs.

SILVERMAN, McDONALD & FRIEDMAN


//s// Michael I. Silverman
MICHAEL I. SILVERMAN, ESQUIRE
Bar I.D. No.: 3034
1010 N. Bancroft Parkway, Suite 22
Wilmington, DE   19805
(302) 888-2900
Attorney for Plaintiffs