IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

ELIZABETH ROSEBOOM, et al.,

    *Plaintiffs,*

    v.

JAMES HUNLEY, et al.,

    *Defendants.*

No. 20-cv-0399-SB

---

Michael I. Silverman, SILVERMAN, MCDONALD & FRIEDMAN, Wilmington, Delaware.

*Counsel for Plaintiffs.*

Dylan J. Steinberg, U.S. ATTORNEY'S OFFICE, Wilmington, Delaware.

*Counsel for the United States.*

---

**MEMORANDUM OPINION**

April 21, 2021

BIBAS, *Circuit Judge*, sitting by designation.

The Rosebooms were hit from behind by a mail truck. Before they sued, the postal service wanted to thoroughly investigate their claims, but they did not hand over the documents it requested. Now the postal service wants me to dismiss their suit. Even without these documents, two of the Rosebooms properly presented their claims to the postal service. But because another Roseboom did not, I will grant in part the postal service's motion to dismiss for lack of subject-matter jurisdiction.

## I. BACKGROUND

For this jurisdictional motion, I take the Rosebooms' well-pleaded allegations in the complaint as true, though I may look to other evidence submitted by the parties. *See Gould Elecs. Inc. v. United States*, 220 F.3d 169, 176 (3d Cir. 2000). Elizabeth Roseboom and her daughter Amelia were at a yield sign when a mailman rear-ended them. Am. Compl. ¶ 9, D.I. 4; D.I. 8-1, Ex. E. The car had "[m]inor damage." D.I. 8-1, Ex. E. Still, the crash hurt Elizabeth's neck, back, and right arm, as well as Amelia's neck, back, and right knee. Am. Compl. ¶¶ 17, 28.

So the Rosebooms decided to sue. But first, they had to "present[]" their tort claims to the postal service. 28 U.S.C. § 2675(a). Each Roseboom submitted the postal service's Standard Form 95, listing his or her name, address, details of the accident, and requested damages. *See* D.I. 4-1. Elizabeth and Amelia asked for $1,000,000 and $500,000 for personal injuries. *Id.* at 2, 4. Clifford Roseboom, the dad, asked for $2,541.40 in property damage since the car was his. *Id.* at 6.

The postal service paid Clifford $541.40, the amount of his mechanic's bill. D.I. 8-1, Ex. A; D.I. 4-1, at 9. But it told Elizabeth and Amelia it did not have enough

2

information to "properly evaluate [their] claims." D.I. 8-1, Ex. B. To do that, it asked for their medical records and itemized medical bills—twice. D.I. 8-1, Ex. B–C. But Elizabeth and Amelia never sent along the documents. So the postal service denied their claims. D.I. 8-1, Ex. D.

Then the Rosebooms brought this suit. Elizabeth and Amelia want to recover for their injuries. Clifford claims loss of consortium based on his wife's injuries. The postal service moved to dismiss for lack of jurisdiction. Fed. R. Civ. P. 12(b)(1).

## II. ELIZABETH AND AMELIA PROPERLY PRESENTED THEIR CLAIMS TO THE POSTAL SERVICE, BUT CLIFFORD DID NOT

The United States is immune from tort suits. But the Federal Tort Claims Act waives that immunity under certain conditions. Before suing, the tort claimant must "first present[] the claim to the … agency." 28 U.S.C. § 2675(a). That way, the agency can decide if it wants to settle the claim or deny it and go to court. *See* 28 U.S.C. § 2672. If the claimant misses this step, the Act bars her suit; the court will lack jurisdiction. *Bialowas v. United States*, 443 F.2d 1047, 1048–49 (3d Cir. 1971). The postal service asserts that this Court lacks jurisdiction because all three Rosebooms failed to present their claims to it before they sued. It is (mostly) wrong.

### A. Elizabeth and Amelia put the postal service on notice

To "present" her claim, a claimant must simply "introduce" it or bring it to "the notice of" the postal service. *Present* (def. I.1), *Oxford English Dictionary* (1st ed. 1933). This required notice is "minimal." *Tucker v. U.S. Postal Serv.*, 676 F.2d 954, 958 (3d Cir. 1982). First, the claimant must put a dollar amount on her claim. Second,

3

she must provide "written notice of … her claim sufficient to enable the agency to investigate." *Id.* at 959.

Elizabeth and Amelia set clear values for their claims, asking for $1,000,000 and $500,000. The postal service does not contest that. But it does assert that the forms they submitted were insufficient to enable the postal service to investigate their claims. Not so.

Both Elizabeth and Amelia told the postal service *how* they were hurt. *Adams v. United States*, 615 F.2d 284, 292 (5th Cir. 1980). They set out all the essential details:

- What happened? Their car was rear-ended.
- When? August 27, 2018, at 11:21 a.m.
- By whom? James Hunley, mailman.
- Where? Salem Church Road in Newark, Delaware.

D.I. 4-1 at 2, 4.

Elizabeth and Amelia also listed *what* was hurt. *Avery v. United States*, 680 F.2d 608, 611 (9th Cir. 1982). Elizabeth noted she had "[i]njuries to the head, neck, shoulder, elbow & wrist," and she "will be having neck surgery in the near future." D.I. 4-1, at 4. Because of these injuries, she "has incurred medical expenses & lost wages." *Id.* Amelia said she had suffered "[i]njuries primarily to knee & neck." *Id.* at 2.

Taken as a whole, these forms gave the postal service "enough details to enable the agency to begin its own investigation." *Adams*, 615 F.2d at 292. That is all the Act requires.

The postal service points to its own regulation, which tells claimants that they "may" have to submit a doctor's report or bills to prove their damages. 28 CFR § 14.4(b). That is just what the postal service asked for here. But the information an agency needs to *settle* a claim is different from that needed to put the agency on *notice* that a suit is coming. *Tucker*, 676 F.2d at 957.

Without proof, the postal service reasonably chose not to settle Elizabeth or Amelia's claims. Still, it had enough notice of those claims to satisfy the Act. So Elizabeth and Amelia's claims may proceed.

### B. Clifford did not present his current claim to the postal service

Clifford's claim may not proceed. A claimant must present his "claim" to the postal service, not his suit or his cause of action. 28 U.S.C. § 2675(a). That means he must put the agency on notice of *each* claim. "[A] plaintiff cannot present one claim to the agency and then maintain suit on the basis of" another. *Roma v. United States*, 344 F.3d 352, 362 (3d Cir. 2003) (quoting *Deloria v. Veterans Admin.*, 927 F.2d 1009, 1011–12 (7th Cir. 1991)).

In his form, Clifford emphasized that he sought to recover $2,541.40 for "property damage only." D.I. 4-1 at 6. Indeed, he listed zero personal injuries. Yet he now sues for loss of consortium based on Elizabeth's injuries. Am. Compl. ¶¶ 19, 24. In Delaware, that is a personal-injury claim. *Hamilton v. Wrang*, 221 A.2d 605, 606 (Del. 1966). Because Clifford did not present *this* claim to the postal service, the agency never knew "of its potential liability on this ground." *Bush v. United States*, 703 F.2d 491, 495 (11th Cir. 1983). So this Court has no jurisdiction to hear his claim.

5

In response, Clifford says he could not have included this claim in his form since his wife's "condition was fluctuating" when he filed it. Pl.'s Br. 12, D.I. 11. But in her form, signed the same day as Clifford's, Elizabeth asked for $1,000,000 for her specified injuries. D.I. 4-1, at 4. Presumably, Clifford could have mentioned his loss of consortium claim then, even if he later needed to update the money amount of that claim. *See* 28 U.S.C. § 2675(b). And as the postal service correctly notes, if his claim did arise later, Clifford still had to present that new claim to it before he sued, preferably through a second form. He did not.

\* \* \* \* \*

The Federal Tort Claims Act does not require claimants to support their claims with detailed documentation. Elizabeth and Amelia properly put the postal service on notice of their personal-injury claims; Clifford did not. So I will dismiss Clifford's claim but permit Elizabeth and Amelia's to proceed.